NUMBER 13-03-603-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
_________________________________________________________

KENDRICK WARREN CURTIS,                                            Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.
_________________________________________________________

On appeal from the 228th District Court of Harris County, Texas.
_________________________________________________________

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez and Garza
Memorandum Opinion by Justice Garza

          In four issues, appellant, Kendrick Warren Curtis, challenges the validity of his plea
of guilty to possession of a controlled substance. Because appellant failed to appeal
following his original deferred adjudication proceeding, the conviction is affirmed.           On November 5, 2002, appellant pled guilty to possession of a controlled substance. 
The court deferred adjudication and ordered the defendant be placed on community
supervision for two years. On August 20, 2003, after finding that appellant violated the
conditions of his community supervision, the trial court adjudicated guilt and sentenced him
to ten years confinement in the Institutional Division of the Texas Department of Criminal
Justice. 
          Appellant now appeals the validity of his original plea of guilty in the November 2002
deferred adjudication proceeding. In his first two issues, appellant argues article 1.15 of
the Texas Code of Criminal Procedure violates his federal and state constitutional right to
compulsory process. Specifically, appellant contends that the statute requires that the trial
court base its determination of guilt or innocence on the evidence stipulated or offered by
the State alone and that it bars the court from considering evidence offered by the
defendant. See Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon Supp. 2004). In his third
and fourth issues, appellant alleges that the trial court erred in entering judgment where
the record is silent as to waiver of his right to compulsory process. Appellant is barred from
raising all four of these issues because they relate not to the trial adjudicating appellant’s
guilt but to the original plea proceeding.
The Texas Court of Criminal Appeals has held that:[A] defendant placed on deferred adjudication community supervision may
raise issues relating to the original plea proceeding . . . only in appeals taken
when deferred adjudication community supervision is first imposed. 
Certainly it was not the Legislature’s intent . . . to permit two reviews of the
legality of a deferred adjudication order, one at the time deferred adjudication
community supervision is first imposed and another when, and if, it is later
revoked.
 
Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999) (emphasis added); see
also Daniels v. State, 30 S.W.3d 407, 408 (Tex. Crim. App. 2000) (“Pursuant to Manuel,
. . . appellant cannot now appeal any issues related to the original deferred adjudication
proceeding.”).
          Appellant should have raised these issues relating to his original plea of guilty within
the proper time to file an appeal following the November 2002 proceeding in which the
entry of his plea of guilty took place. He cannot now raise issues concerning that
proceeding. See Manuel, 994 S.W.2d at 661-62. Accordingly, appellant's four issues are
overruled and the conviction is affirmed. 
                                                                                                  
                                                                        _______________________
                                                                        DORI CONTRERAS GARZA,
                                                                        Justice

Do not publish. 
Tex. R. App. P. 47.2(b).
Memorandum Opinion delivered 
and filed this 29th day of July, 2004.